# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 23-2098V

| | |
|---|---|
| FRED S. ALBA, JR.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 5, 2025 |

*Elizabeth Ellis Simek*, Shannon Law Group, Woodridge, IL, for Petitioner.

*Adam Nemeth Muffett*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 11, 2023, Fred S. Alba, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Table injury – shoulder injury related to vaccine administration as the result of an influenza vaccination received on October 30, 2022. Petition, ECF No. 1. On March 7, 2025, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 30.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $92,770.45 (representing $91,111.70[3] in fees plus $1,658.75 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 31, 2025, ECF No. 34. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 34.

Respondent reacted to the motion on April 14, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent also reported that Petitioner's counsel expended a "particularly high number of hours for the preparation of the Petition and demand letter." Motion at 2-4, ECF No. 36. Petitioner filed a reply thereafter supporting the time spent preparing the aforementioned pleadings and requesting an award of fees and costs as indicated in the Motion. ECF No. 37.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] Respondent and Petitioner's counsel noted a clerical error regarding the total amount of attorney's fees requested herein. Petitioner requested $91,175.90 in fees, see ECF No. 37 at 2. However, a review of the billing invoice reflects the *lesser* amount of $91,111.70 in attorney's fees was actually incurred in this case. Accordingly, the amount to be awarded herein will be based on the amount reflected in the billing invoices submitted in support thereto.

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

The hourly rates requested by attorney Jonathan Svitak and supporting paralegals for work performed through 2025 are consistent with our prior determinations and shall be awarded. However, attorneys Joseph Shannon and Elizabeth Simek were previously awarded lesser rates than requested herein. See *Wood* v. *Sec'y of Health & Human Servs*., No. 24-0130V, Slip. Op 39 (Fed. Cl. Spec. Mstr. June 25, 2025) (awarding Mr. Shannon $500.00 for his time billed in 2023); *Fredericks v. Sec'y of Health & Hum. Servs*., No. 23-2030V, Slip. Op 29 (Fed. Cl. Spec. Mstr. Aug. 11, 2025) (awarding Ms. Simek $492.00 for her time billed in 2023). I find no reason to deviate from these reasoned determinations and hereby reduce both attorney rates to be consistent with those rates previously awarded. **Application of the foregoing reduces the amount of fees to be awarded by $545.80.** [4]

*B. Administrative Tasks*

The billing records reveal several entries claimed by attorney Simek on tasks considered administrative in nature, including filing documents, reviewing routine court orders and noting deadlines all of which are considered clerical tasks.[5] But billing at *any professional rate* for clerical and other administrative work is not permitted in the Vaccine

---

[4] This amount is calculated as follows: ($550.00 - $500.00 = $50.00 x 0.50 hours billed by Mr. Shannon in 2023) + ($500.00 - $492.00 = $8.00 x 65.10 hours billed by Ms. Simek in 2023) = $545.80.

[5] Examples of billing entries considered administrative in nature include, but are not limited to, the following: 12/11/23: "Access online court filing portal and file Petitioner's petition, certificate of service and cover sheet with USCFC. Confirm that docket entry was created." 12/12/23: "Review email from USCFC regarding Notice of Assignment to Chief Special Master." 1/8/24 (two entries) regarding the filing of the motion for extension of time and reviewing electronic notification of same; 3/7/24: "Filed 2nd motion for extension of time on PACER." 5/13/24 (two entries) re: filing notice of filing, PAR questionnaire and exhibit list. 11/5/24: "File notice of filing." See ECF No. 34-2.

Program. See *Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Attorneys may not separately charge for clerical or secretarial work because such work is reflective of office overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Kerridge* v. *Sec'y of Health & Human Servs*., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

*C. Fees Reductions*

I find the overall amount of time dedicated to drafting the Petition in this case (approximately 26.40 hours) to be excessive. The petition in this matter consisted of twelve pages total, not including the certificate of service or the routine cover sheet. ECF No. 1. In determining the number of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011). In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). Instead, in appropriate circumstances they may make reasonable, across-the-board percentage adjustments.

Such an overall percentage cut is reasonable, and preferable to a time-consuming line-by-line review of the bill. I therefore reduce the total fees to be awarded herein by *five percent* as a fair adjustment to account for the billing issues mentioned. Application of the foregoing reduces the total amount of fees to be awarded herein by **$4,555.59**.[6]

---

[6] This amount is calculated as follows: ($91,111.70 x 0.05%) = $4,555.59.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 34-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $87,669.06 (representing $86,010.31 in fees plus $1,658.75 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.